## WOLF v DISPATCH PRINTING CO.

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3417.   Decided Feb. 25, 1942.

Irwin Wolf, Columbus; Harry Kohn, Columbus, and Wilson & Rector, Columbus, for plaintiff-appellee.

Johnston & Peterson, Columbus, and Cowan & Adams, Columbus, for defendant-appellant.

### OPINION

BY THE COURT:

The appeal is on questions of law and fact from the judgment of the trial Court in behalf of the plaintiff.

The principal question presented is whether or not the lease, which is before the Court, may be reformed to conform with the requirements of §8510 GC so that the certificate of the acknowledgment of the signatures thereto, will be on the same sheet on which the lease proper is written.

We have been favored with the written opinion of the trial Judge, who found that there was a mutual mistake in the failure of the parties to conform to the provisions of the statute as to certification of the acknowledgment and that the true intent and purport as to such certification could be accomplished by binding together all of the separate sheets of the instrument in such manner as that they could not be separated without mutilating one or more of them.

We are of the opinion that the judgment of the trial judge and the reasons appearing in his opinion are correct and we adopt this opinion as a part of our decision.

The opinion cites numerous Ohio cases supporting the equity power of a Court to require certificates of acknowledgments to deeds, mortgages and leases to be made to conform to the mutual intent of the parties thereto.   In this case there seems to be no doubt that upon the question of the formality of the certificate of acknowledgment, the parties at all times during the period when the lease was accepted as controlling were of the impression that the requisites of §8510 GC had been observed.

In this action we give no consideration to the respective equities upon the subject-matter proper of the lease.

The case upon which counsel for appellant relies is **Wineburgh v Toledo Corporation, 125 Oh St 219.**  This decision is no authority whatever as to the equity power of the Court to correct defectively executed leases.  The Court in the syllabus, and Judge Jones in the opinion, carefully limit the pronouncement to the right of the lessor to recover damages for the breach of a defectively executed long term lease. There is no doubt that upon the law side of the Court a lease defectively executed within the terms of §8510 GC will afford no basis for a cause of action.  In view of the fact that no Ohio cases are cited in support of the claim

**122**

that a court of equity has no power to reform the instrument here under consideration in the particular prayed, we are required to follow the general rule adopted and accepted in the germane opinions which were cited in the opinion of the Common Pleas Judge. If any doubt did exist under the general powers of the Court it would be removed by the express provisions of §12210 GC, the pertinent language of which is "When, in an instrument in writing, * * *, there is a * * *, defect, * * * by reason of the inadvertence of an officer, * * *, whereby it is not in strict conformity with the laws of this state, the Courts of this state may give full effect to such instrument or proceeding, according to the true, manifest intention of the parties thereto."

The facts in this case come clearly under the terms of this section of the Code and require that it be given application.

The prayer of the petition upon the first and second causes of action thereof will be granted. Judgment accordingly.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.